IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ELIZABETH TIMMERMAN LUGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-1412 |
| | ) |
| LENFORD SUTTON, individually, and in his capacity as Chair, Department of Educational Administration and Foundations at Illinois State University; BOARD OF TRUSTEES OF ILLINOIS STATE UNIVERSITY, an Agency of the State of Illinois; and Robert Churney, Robert Dobski, Rocco Donahue, Julie Annette Jones, Mary Ann Louderback, John Rauschenberger, Sharon Rossmark, and Sarah Aguilar, Student Trustees, in their capacity as the Board of Trustees of Illinois State University, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on a Motion to Dismiss Plaintiff's Complaint (Doc. 4) filed by the Defendants, Lenford Sutton, individually, and in his capacity as Chair, Department of Educational Administration and Foundations at Illinois State University ("Sutton"); the Board of Trustees of Illinois State University, an Agency of the State of Illinois ("the Board"); and Robert Churney, Robert Dobski, Rocco Donahue, Julie Annette Jones, Mary Ann Louderback, John Rauschenberger, Sharon Rossmark, and Sarah Aguilar, Student Trustees, in their capacity as the Board of Trustees of Illinois State University ("Board members") (referred to collectively as "Defendants"). For the reasons stated below, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 4) is GRANTED IN PART and DENIED IN PART.

1

## BACKGROUND

The Plaintiff, Elizabeth Timmerman Lugg ("Plaintiff"), is employed at Illinois State University as an Associate Professor of Education Law in the Educational Administration and Foundations Department within the College of Education. On October 2, 2018, she filed a Complaint in the Circuit Court of McLean County against Defendants alleging claims under the Illinois Ethics Act and Title VII. (Doc. 1-1).

In Count I of her Complaint, she alleges Sutton retaliated against her in violation of the Illinois Ethics Act ("Ethics Act"), 5 ILCS 430/15-10, after she complained of age and gender discrimination and assisted with a Title IX sexual misconduct claim. (Doc. 1-1, pp. 12-15). In Count II, she alleges the Board also retaliated against her in violation of the Ethics Act. *Id.* at 15-18. In Counts III and IV, she alleges the Board and the Board members, in their official capacities, discriminated and retaliated against her violation of Title VII of the Civil Rights Act of 1964. *Id.* at pp. 18-24.

On November 9, 2018, Defendants filed a Notice of Removal, and the case was assigned to this Court. (Doc. 1). The case was removed to this Court because Plaintiff raised substantial federal issues in her Complaint, namely her claims of gender discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

On December 31, 2018, Defendants filed a Motion to Dismiss and moved to partially dismiss Plaintiff's Complaint with prejudice under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). This Opinion follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations omitted).

When evaluating a motion to dismiss, courts must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 554-55).

## ANALYSIS

### I. Count I ("Ethics Act – Lenford Sutton")

In Count I, Plaintiff alleges Sutton retaliated against her in violation of the Illinois Ethics Act, 5 ILCS 430/15-10 (the "Ethics Act"), after she engaged in "protected activity" by complaining of age and gender discrimination and by providing corroborating evidence in connection with a Title IX sexual misconduct claim. (Doc. 1-1, ¶ 51-67). Plaintiff's prayer for relief includes two times the amount of back pay, interest on back pay, emotional distress damages, costs, attorney and expert witness fees, punitive damages, and equitable relief. *Id.* at p. 15.

In their Motion to Dismiss (Doc. 4) and accompanying Memorandum (Doc. 5), Defendants argue Count I should be dismissed because it is unclear whether Plaintiff brought Count I against Sutton in his *individual* or *official* capacity. *Id.* Defendants argue suing Sutton in his individual capacity is improper because he cannot implement the equitable relief Plaintiff seeks. (Doc. 5, p. 5). Sutton, in his individual capacity, lacks the authority to reinstate Plaintiff's classes and provide back pay. Such actions could only be taken in his official capacity as Chair of the Department. *Id.* Defendants ask the Court to dismiss Count I because they claim it does not meet the pleading requirements in federal court. *Id.*

Plaintiff argues she brought Count I against Sutton, individually and in his official capacity, under the portion of the Ethics Act, 5 ILCS 430/15-10, allowing for individual liability for monetary damages. (Doc. 7, p. 3; Doc. 1-1, p. 12, ¶¶ 54-55). She also seeks equitable remedies.

Specifically, she asks Sutton, as Chair of the Department, to reinstate her full class load during the school year and her summer classes. *Id.*

The Court finds Count I meets the pleading requirements under Rule 8. FED. R. CIV. P. 8; *see Bell Atlantic Corp.*, 550 U.S. 544, 590 (7th Cir. 2007). Specifically, paragraph 4 names Sutton as a Defendant "in both his individual capacity and in his capacity as agent and representative of Illinois State University" and paragraphs 54-55 state Count I is brought against Sutton under the individual liability provisions in Section 15-10. (Doc. 1-1, p. 3, ¶ 4; p. 12, ¶¶ 54-55).

But the question remains whether it is proper for Plaintiff to bring an individual cause of action against Sutton under the Ethics Act. Plaintiff argues the plain meaning of Section 15-10 of the Ethics Act allows her to bring an action against an individual State employee. 5 ILCS § 430/15-10. Section 15-10 states:

> § 15-10. Protected activity. An officer, a member, a **State employee**, or a **State agency** shall not take any retaliatory action against a State employee because the State employee does any of the following:
>
> (1) Discloses or threatens to disclose to a **supervisor** or to a **public body** an activity, policy, or practice of any officer, member, State agency, or other State employee that the State employee reasonably believes is in violation of a law, rule, or regulation.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of a law, rule, or regulation by any officer, member, State agency, or other State employee.
> …

5 ILCS 430/15-10 (emphasis added). Plaintiff argues the inclusion of individuals (officer, member, or State employee), including the addition of "State employee," suggests that the Illinois legislature intended to allow for individual liability.

Plaintiff alleges Sutton was her "supervisor" as that term is used in the Ethics Act. She also alleges he had the authority to direct and control her work and the power to take

5

corrective action regarding an alleged violation of law. (Doc. 1-1, p. 3, ¶¶ 5, 7). Section 15-5 of the Ethics Act defines "public body" and "supervisor" as follows:

> "Public body" means (1) any officer, member, or **State agency**; (2) the federal government; (3) any local law enforcement agency or prosecutorial office; (4) any federal or State judiciary, grand or petit jury, law enforcement agency, or prosecutorial office; and (5) **any** officer, **employee**, department, agency, or other division of any of the foregoing.
>
> "Supervisor" means an officer, a member, or a **State employee** who has the authority to direct and control the work performance of a State employee or who has authority to take corrective action regarding any violation of a law, rule, or regulation of which the State employee complains.

5 ILCS 430/15-10 (emphasis added).

Plaintiff also argues the case law interpreting the Ethics Act holds that individual liability is allowed. Existing case law provides little guidance, but courts addressing the issue have held that the legislature intended to allow for individual liability. In *Maes v. Folberg*, the Northern District of Illinois stated:

> Without any guidance from the Illinois courts on the Ethics Act, we are flying a bit blind. The sole case citing the whistleblowing provision of the Ethics Act, *Combs–Hartshorn v. Budz,* 2007 WL 844582 (N.D.Ill.2007), sheds little light. Therein, Judge Darrah did not specifically address the question of whether the Ethics Act claim could be instituted against an individual, rather than solely a government entity, but did allow plaintiff's Ethics Act claim to proceed against three named defendants. We also note that the statute states that "[a]n officer, a member, a State employee, or a State agency shall not take any retaliatory action against a State employee ...." 5 ILCS § 430/15-10. The statute was amended in 2003, including the addition of the phrase "a State employee" in that introductory paragraph. The inclusion of individuals (officer, member, or State employee), including the specific addition of "State employee," suggests to us that **the Illinois legislature intended to allow for individual liability.** Therefore, we decline to dismiss Folberg in his individual capacity from plaintiff's Ethics Act claim.

*Maes v. Folberg*, 504 F. Supp. 2d 339, 350 (N.D. Ill. June 27, 2007) (emphasis added).

In *Gnutek v. Illinois Gaming Board*, the Northern District noted that while no Illinois case law directly confronts the question of individual liability under the Ethics Act, the Illinois

Appellate Court in *Crowley* upheld a jury verdict under the Ethics Act against a State employee that included an award of punitive damages. *Gnutek v. Illinois Gaming Board*, 2017 WL 2672296, at *6-7 (N.D. Ill. June 21, 2017) (citing *Crowley v. Watson*, 2016 IL App (1st) 142847). The court recognized that "the language of the Ethics Act itself certainly suggests that the state legislature intended for there to be individual liability for public employees who commit violations of the Act. The Ethics Act's prohibition expressly extends to conduct not only of a 'State agency,' but of 'a State employee' as well." *Gnutek*, 2017 WL 2672296, at *7.

In *Crowley*, the Illinois Appellate Court found "the Ethics Act makes no distinction between individual versus state liability or the damages that ensue in a violation of the Act." *Crowley*, 2016 IL App (1st) 142847 at ¶ 48. The court held that an expansive interpretation of the remedies provision (5 ILCS 430/15-25), which includes both double back pay and punitive damages, was "consistent with the policy and purpose of the Ethics Act." *Id.* at ¶ 49. The court stated:

> [A whistle blower's actions] protect[ ] the public's right to know of inappropriate activities.... Indeed, [k]eeping government efficient and honest depends on the vigilance of those most involved in its day-to-day operations, its employees. Those employees, however, are unlikely to step forward and speak out unless they are assured that they will not be the target of retribution by their coworkers and superiors.

*Id.* (internal quotation marks and citations omitted).

From the language of the statute and the legislative intent that can be inferred from adding "State employee" to Section 15-10, the Court finds that State employees in their individual capacities may be subject to liability under the Act. As a result, Defendant's Motion to Dismiss Count I against Sutton in his individual capacity is DENIED.

## II. Count II ("Ethics Act – Board of Trustees of Illinois State University")

In Count II, Plaintiff alleges the Board retaliated against her in violation of the Ethics Act after she complained about gender and age discrimination and participated in a Title IX sexual misconduct claim by providing corroborating evidence. (Doc. 1-1, pp. 15-18).

Defendants argue the Eleventh Amendment bars Count II and that it should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject-matter jurisdiction. *Id.* at p. 3. Defendants also argue the Eleventh Amendment bars Count I, to the extent it was brought against Sutton in his official capacity. *Id.*

Plaintiff argues the Eleventh Amendment does not bar Counts I and II because Defendants voluntarily removed the action to federal court. (Doc. 7, p. 10; Doc. 1). By doing so, she claims Defendants waived any Eleventh Amendment immunity because they voluntarily brought this action into federal court. (Doc. 7, p. 10). In support of her argument, Plaintiff cites *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002). In that case, the plaintiff brought an action against the State in state court, and the State voluntarily agreed to remove the case to federal court. *Id.* at 620. The Supreme Court held that in doing so, the State voluntarily invoked the federal court's jurisdiction. *Id.* The Court stated:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand. And a Constitution that permitted States to follow their litigation interests by freely asserting both claims in the same case could generate seriously unfair results. Thus, it is not surprising that more than century ago this Court indicated that **a State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity**.

*Lapides*, 535 U.S. at 619 (internal citations omitted) (emphasis added).

This Court agrees with Plaintiff that "it would be the height of unfairness" for Defendants to both remove this case to federal court and then claim immunity by their own voluntary act of removal. (Doc. 7, p. 11). This Court finds that Defendants' removal of the action filed in state court constitutes a voluntary act which waived any Eleventh Amendment immunity. See *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (voluntary invocation of a federal court's jurisdiction through removal waives a State's otherwise valid objection pursuant to the Eleventh Amendment). Therefore, Defendants' Motion to Dismiss Counts I and II of Plaintiff's Complaint based on the Eleventh Amendment is DENIED.

### III. Counts III and IV ("Gender Discrimination and Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.* vs. Board of Trustees")

In Counts III and IV, Plaintiff alleges the Board, as well as each individual member of the Board in their official capacities, discriminated and retaliated against her based on gender in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1-1, pp. 18-24). In her prayer for relief, she requests back pay, interest on back pay, emotional distress damages, costs, and attorney and expert witness fees. *Id.* at pp. 21, 24.

Defendants argue Counts III (discrimination) and IV (retaliation) should be dismissed because Plaintiff failed to plead them with specificity. (Doc. 5, p. 10). Defendants contend Plaintiff failed to comply with Federal Rule of Civil Procedure 8 because she did not provide a "short and plain statement of the claim" to show she is entitled to relief against the Board members in their official capacities. *Id.*

The Court finds that Plaintiff's Complaint related to the allegations against the Board members in Counts III and IV falls short of the federal pleading requirements. FED. R. CIV. P. 8; *see Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (Under federal rule of notice

9

pleading, plaintiff need not plead facts, but can plead conclusions, so long as the conclusions provide defendant with at least minimal notice of the claim.). In Counts III and IV, Plaintiff states:

> Defendant Board of Trustees of Illinois State University, by its Board Members Robert Churney, Robert Dobski, Rocco Donahue, Julie Annette Jones, Mary Ann Louderback, John Rauschenberger, Sharon Rossmark, and Sarah Aguilar, Student Trustee, in Their Capacity as the Board of Trustees of Illinois State University, was the employer of plaintiff as the term "employer" is used in 42 U.S.C. § 2000(e)-1 and employed more than 50 employees full-time during times relevant to plaintiff's employment.

(Doc. 1-1, pp. 17, 21). The Board members' names appear again in the prayer for relief, but the Complaint does not include specific allegations against the individual members. *Id.* at pp. 21, 24. Plaintiff fails to allege that the Board members were involved in the alleged discrimination or retaliation or that they were even aware of it. The allegations do not give the individual Board members minimal notice of the claims against them. As a result, Defendants' Motion to Dismiss Counts III and IV against the individual Board members in their official capacities based on Federal Rule of Civil Procedure 8 is GRANTED.

In addition, Defendants argue Counts III and IV should be dismissed against the individual Board members in their official capacities because Plaintiff also named the Board as a Defendant, making the claims against the individual members redundant and immaterial. *Id.* at p. 4. Defendants cite *Jungels v. Pierce*, 825 F.2d 1127 (7th Cir. 1987) in support of their argument. In that case, the plaintiff named the city and the mayor (in his official capacity) as defendants in a federal civil rights action. The Seventh Circuit held "nothing was added" by naming the mayor because suing him in his official capacity was equivalent to suing the city. *Jungels*, 825 F.2d at 1129.

Plaintiff argues she properly brought her Title VII claims against the individual board members based on 110 ILCS § 675/20-35, which states: "All the rights, powers and duties vested

10

by law in the Board of Regents and relating to the operation, management, control and maintenance of Illinois State University are hereby transferred to and vested in the Board of Trustees of Illinois State University." (Doc. 7, pp. 14-15). However, Plaintiff states she will not contest the dismissal of the individual board members if the Board concedes it has the power to act in its own name and effectuate the potential relief requested in Counts II, III, and IV. *Id.* at p. 15. In their Motion to Dismiss, the Board did not concede it has the power to effectuate the requested relief.

Nevertheless, the Court dismisses the individual Board members from this case because Plaintiff named the Board as a Defendant and, as a result, Plaintiff's claims against the individual Board members in their official capacities are redundant. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (quoting *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("[a]n official capacity suit is tantamount to a claim against the government entity itself"); *see also Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("an official capacity suit is another way of pleading an action against an entity of which the officer is an agent."). Plaintiff's Title VII claims in Counts III and IV against the individual Board members in their official capacities are DISMISSED without prejudice. Plaintiff may proceed against Defendant Board of Trustees of Illinois State University, an Agency of the State of Illinois, on Counts III and IV. Defendants Robert Churney, Robert Dobski, Rocco Donahue, Julie Annette Jones, Mary Ann Louderback, John Rauschenberger, Sharon Rossmark, and Sarah Aguilar are DISMISSED from this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff may proceed on Count I against Sutton in his individual and official capacities, on Count II against the Board, and on Counts III and IV against the Board only. Counts III and IV against the Board members are dismissed without prejudice. Robert Churney, Robert

11

Dobski, Rocco Donahue, Julie Annette Jones, Mary Ann Louderback, John Rauschenberger, Sharon Rossmark, and Sarah Aguilar, Student Trustees, in their official capacities as members of the Board of Trustees of Illinois State University, are DISMISSED from this case.

Entered this 20th day of February, 2019.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge